UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DONNELLY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LINDAHL,<br><br>Defendant. | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>September 8, 2022 |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. This case arises out of the sexual abuse in Massachusetts of the Plaintiff, James Donnelly, Jr., when he was a minor by the Defendant, David Lindahl.

2. The Plaintiff now seeks damages for his personal injuries pursuant to the common law of Massachusetts.

### STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen of California, the Defendant is a citizen of Massachusetts, and the amount in controversy, without interest and costs, exceeds the sum or value of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred in this District.

## PARTIES

5. Plaintiff James Donnelly, Jr. is an individual with a residential address in Lancaster, Los Angeles County, California.

6. Defendant David Lindahl is an individual with a residential address is 75 Old High Street, Whitman, Plymouth County, Massachusetts.

## STATEMENT OF FACTS

7. In approximately 1985 when Plaintiff was approximately thirteen years of age, Plaintiff met Defendant David Lindahl at Bowser's Seafood Restaurant in Abington, Massachusetts, where Plaintiff worked as a dishwasher and where David Lindahl worked as a bartender.

8. Defendant David Lindahl knew Plaintiff from Bowser's Seafood Restaurant when Plaintiff was a minor child.

9. Defendant David Lindahl drove the minor Plaintiff home from work on multiple occasions.

10. In approximately 1985 when Plaintiff was approximately thirteen years of age, Defendant David Lindahl brought Plaintiff to David Lindahl's parents' home in Abington, Massachusetts.

11. On this occasion when Plaintiff was in Defendant David Lindahl's parents' home as described above, David Lindahl gave the minor Plaintiff alcohol to drink.

12. On this occasion when Plaintiff was in Defendant David Lindahl's parents' home as described above, Defendant David Lindahl and the minor Plaintiff got into a Jacuzzi hot tub located in David Lindahl's parents' home. David Lindahl made Plaintiff

remove Plaintiff's clothing and David Lindahl removed his own clothing to enter the Jacuzzi hot tub, so that David Lindahl and the minor Plaintiff were naked together in the Jacuzzi hot tub.

13.     On this occasion in approximately 1985 when Plaintiff was approximately thirteen years of age as described above, Defendant David Lindahl engaged in explicit sexual behavior and lewd and lascivious conduct with Plaintiff when Plaintiff was in the Jacuzzi hot tub with David Lindahl by, among other things, David Lindahl fondling Plaintiff's penis, skin on skin; and David Lindahl raping Plaintiff by putting Plaintiff's penis in David Lindahl's mouth.

14.     As a result of Defendant David Lindahl's explicit sexual behavior and lewd and lascivious conduct with the Plaintiff as described above, the Plaintiff suffers, has suffered, and will continue to suffer in the future severe emotional distress and physical harm manifested by objective symptomatology, including, but not limited to, anger; crying; depression; anxiety; panic attacks; sleep problems; and flashbacks of the sexual abuse.

15.     In approximately 1991, Defendant David Lindahl pleaded guilty to criminal charges of rape of a child and indecent assault and battery on a child under 14 in Plymouth Superior Court, Brockton, Massachusetts, for David Lindahl's sexual assault of another minor child.

16.     At all relevant and material times, Defendant David Lindahl misrepresented and concealed from the Plaintiff the wrongful nature of David Lindahl's explicit sexual

behavior and lewd and lascivious conduct with the Plaintiff and that such explicit sexual behavior and lewd and lascivious conduct could harm the Plaintiff.

17. As a result of Defendant David Lindahl's explicit sexual behavior and lewd and lascivious conduct with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree David Lindahl did abuse the Plaintiff emotionally and physically.

## CLAIMS FOR RELIEF

### Count I
### Assault

18. The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

19. By engaging in the explicit sexual behavior and lewd and lascivious conduct with the Plaintiff described above, Defendant David Lindahl acted intentionally so as to cause harmful and offensive contact with the Plaintiff.

20. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant David Lindahl placed the Plaintiff in imminent and reasonable apprehension of said harmful and offensive contact.

21. As a direct and proximate result of Defendant David Lindahl placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

22. By reason of the foregoing, Defendant David Lindahl is liable to the Plaintiff for assault, in an amount to be proved at trial.

### Count II
### Battery

23. The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

24. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant David Lindahl acted intentionally so as to cause unjustified harmful and offensive physical contact and touching of the Plaintiff, and repeatedly performed such unjustified harmful and offensive physical contact and touching of the Plaintiff.

25. As a direct and proximate result of Defendant David Lindahl's unjustified harmful and offensive physical contact and touching, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

26. By reason of the foregoing, Defendant David Lindahl is liable to the Plaintiff for battery, in an amount to be proved at trial.

### Count III
### Intentional Infliction of Emotional Distress

27. The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

28. By engaging in the explicit sexual behavior and lewd and lascivious conduct described above, Defendant David Lindahl intended to inflict emotional distress upon the Plaintiff, or Defendant David Lindahl knew or should have known that emotional distress was the likely result of Defendant David Lindahl's conduct.

29. The conduct of Defendant David Lindahl in engaging in the explicit sexual behavior and lewd and lascivious conduct described above is extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

30. The mental distress and emotional injuries which the Plaintiff suffered and will continue to suffer were severe, and of a nature that no reasonable person could be expected to endure them.

31. As a direct and proximate result of the conduct of Defendant David Lindahl in engaging in the explicit sexual behavior and lewd and lascivious conduct described above, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

32. By reason of the foregoing, Defendant David Lindahl is liable to the Plaintiff for intentional infliction of emotional distress, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff James Donnelly, Jr. respectfully demands judgment of $20,000,000.00 in damages against Defendant David Lindahl for each claim Plaintiff

James Donnelly, Jr. states against Defendant David Lindahl, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## PLAINTIFF'S JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all claims so triable.

Dated: September 8, 2022

                                           By Plaintiff's Attorney,

                                           /s/ Mitchell Garabedian
                                           Mitchell Garabedian, BBO #184760
                                           mgarabedian@garabedianlaw.com
                                           LAW OFFICES OF MITCHELL GARABEDIAN
                                           100 State Street, 6th Floor
                                           Boston, MA 02109
                                           Phone: (617) 523-6250
                                           Fax: (617) 523-3687